UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| TOWANA WASHINGTON, | § | |
|---|---|---|
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 3:09-CV-1178-B |
| DART, | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Dallas Area Rapid Transit's Motion for Summary Judgment (doc. 10) (the "Motion"). Having considered the Motion, briefing of the parties, and applicable law, the Court is of the opinion that the Motion should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. For the reasons discussed below, the court **GRANTS** Defendant's summary judgment motion with respect to the retaliation and negligent supervision claims and **DENIES** Defendant's motion for summary judgment on the sexual harassment claim.

I.

BACKGROUND

This case concerns allegations of sexual harassment against Defendant Dallas Area Rapid Transit ("DART") by Plaintiff Towana Washington ("Washington"). Washington was hired as a DART bus operator on May 13, 2005 and terminated on August 21, 2007. (App. to Def.'s Mot. Summ. J. 185.) The parties dispute the reason for her termination. DART argues that Washington was discharged due to excessive absenteeism and exhaustion of all available paid or unpaid leave. (Def.'s Br. Summ. J. 7.) Washington argues that she was sexually harassed by a supervisor and

-1-

discharged in retaliation for filing a sexual harassment complaint. (Pl.'s Pet. ¶¶ 11-29.) Washington maintains that her excessive absenteeism was caused by the sexual harassment. (Pl.'s Pet. ¶ 24.)

Washington alleges that Winston Busby ("Busby"), Assistant Manager of the Oak Cliff Bus Operations Division for DART, made sexually inappropriate comments to her on several occasions between June, 2006 and July, 2007, including saying, "Are you hairy down there," "Open up your legs and let me see what you have," and, "Your shorts look like they are dickie shorts." (Pl.'s Pet. ¶ 11.) Washington also alleges that Busby attempted to grope her on three or more occasions, and that he frequently asked her to go out of town or to a motel with him. (Pl.'s Pet. ¶ 11.) Busby denies having made any inappropriate comments toward Washington. (Busby Aff. ¶ 4.) Sometime in 2006, Washington told training instructor Don Henderson ("Henderson") about Busby's behavior, and Henderson recommended that she report it to Busby's supervisor, Division 2 Manager Robert Reeves ("Reeves"). (Pl.'s Pet. ¶ 13.) Washington filed a sexual harassment complaint with the DART Department of Diversity and Economic Opportunity ("DEO") on June 19, 2007. (Gamez Aff. ¶ 4; App. to Def.'s Mot. Summ. J. 237-257.) The DEO interviewed Washington, Busby, and other SOCBOF employees, and ultimately concluded there was insufficient evidence to support a sexual harassment claim. (App. to Def.'s Mot. Summ. J. 237-257.)

Washington suffered three workplace injuries while working for DART . (App. to Def.'s Mot. Summ. J. 141, 150.) After each, Washington missed several work days, received workers compensation, and then was temporarily placed on alternative or light duty assignments upon returning to work. (App. to Def.'s Mot. Summ. J. 265-270.) When Washington's last alternative duty assignment ended, she began missing between one and five work days each week by taking sick leave, leave without pay, and vacation time. (App. to Def.'s Mot. Summ. J. 269-270.) On June

17, 2007, Washington went to the doctor for headaches caused by stress, and on July 12, 2007, Washington was taken to the hospital by ambulance for chest pains, a headache, and nosebleeds. (Pl.'s Pet. ¶ 22.) Washington attributes her absences and medical problems during this time period to the sexual harassment she was allegedly experiencing at work. (Pl.'s Pet. ¶ 24.)

On June 22, 2007, DART sent Washington a letter informing her she had exhausted all of her paid leave, and that further absences must be authorized in accordance with the requirements for leave without pay. (App. to Def.'s Mot. Summ. J. 182.) Washington missed an additional 16 work days after receiving this notice without following proper procedures for obtaining leave without pay. (Reeves Aff. ¶ 4.)

Washington was placed on administrative leave with pay on July 17, 2007 pending the outcome of an investigation into whether she qualified for any kind of paid leave. (App. to Def.'s Mot. Summ. J. 183.) On July 31, 2007, Washington was given a Notice of Proposed Discharge ("Notice") for excessive absenteeism. (App. to Def.'s Mot. Summ. J. 184.) In response to the Notice, Washington argued she was attempting to apply for leave with pay under the Family Medical Leave Act, did not know how to apply for Short-Term Disability pay, and had been denied the alternative duty assignments she requested. (App. to Def.'s Mot. Summ. J. 274.)

DART discharged Washington on August 21, 2007. (App. to Def.'s Mot. Summ. J. 185.) Busby was not involved in the decision to terminate Washington. (Busby Aff. ¶ 6.) Washington appealed her termination in accordance with the Employee Handbook. (App. to Def.'s Mot. Summ. J. 187-90, 191-92.) Washington then filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that she experienced sexual harassment at work, and that she was terminated in retaliation for such harassment. (App. to Def.'s Mot. Summ. J. 2, 5.)

Washington received Notices of Right to Sue from the EEOC on May 6, 2009 and June 3, 2009, and subsequently filed this action. (App. to Pl.'s Br. Summ. J. 4.)

This action was filed on May 22, 2009 in the 44th District Court of Dallas County, Texas. (Pl.'s Pet. 1.) Washington asserts claims for sexual harassment and retaliation under Title VII and the TCHRA, and negligent supervision and administration of personnel policies under state tort law. (Pl.'s Pet. ¶¶ 30-38.) She seeks front pay, back pay, actual damages compensatory damages, punitive damages, and attorney's fees. (Pl.'s Pet. ¶¶ 42-47.) Defendant DART removed the case to this Court on June 23, 2009 and filed its Motion for Summary Judgment ("Motion") on April 12, 2010 (doc. 10). Washington filed a response on April 29, 2010 (doc. 13), and DART filed a reply to Washington's response on May 13, 2010 (doc. 15). The Motion being ripe, the Court now turns to the merits of its decision.

## II.

## LEGAL STANDARDS

Summary judgment is appropriate where the pleadings and record evidence show no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. FED. R. CIV. P. 56(c); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts preclude a grant of summary judgment, and "the substantive law will identify which facts are material." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

The movant bears the burden of proving no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). Where the non-movant bears the burden of proof at trial, the movant need not support its motion with evidence negating the non-

movant's case.  Instead, the movant may satisfy its burden by pointing to the absence of evidence to support an essential element of the non-movant's case.  *Id*; *Little,* 37 F.3d at 1075.

Once the movant has met its burden, the non-movant must show that summary judgment is not appropriate.  *Little*, 37 F.3d at 1075 (citing *Celotex Corp. V. Catrett*, 477 U.S. 317, 325 (1986)).  "This burden is not satisfied with 'some metaphysical doubt as to material facts,' ...by 'conclusory allegations,'...by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."  *Id.* (quoting *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  Instead, the non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting FED. R. CIV. P. 56(e)).  The non-moving party must show that the evidence is sufficient such that a reasonable jury could return a verdict for the non-movant.  *Munoz v. Orr* (200 F.3d 291, 302 (5th Cir. 2000).  The court will not make credibility determinations, weigh the evidence, or draw inferences but instead confine its inquiry to facts material under the governing legal standard.  *Anderson*, 477 U.S. at 255.  In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the non-movant.

## III.

## ANALYSIS

*A. Sexual Harassment*

Washington is asserting sexual harassment claims under both Title VII and the Texas Commission on Human Rights Act ("TCHRA").[1]  (Pl.'s Original Petition ¶ 35). To prevail on a

---

[1] The TCHRA is intended to mirror federal legislation.  TEX. LAB. CODE ANN. §21.001.  Consequently, federal precedent is authoritative in interpreting the TCHRA.  *NME Hospitals, Inc. V.*

sexual harassment claim under Title VII or TCHRA, the plaintiff bears the burden of establishing a prima facie case that the defendant created a hostile work environment. *Harvill v. Westward Commc'ns*, 433 F.3d 428, 434 (5th Cir. 2005). At summary judgment, the defendant must prove the absence of an essential element of the plaintiff's case. *Little*, 37 F.3d at 1075. If the defendant is able to prove the absence of an essential element of the plaintiff's case, the burden then shifts to the plaintiff to demonstrate there is a genuine dispute of material fact on that element. *Id.*

The elements of a prima facie case are 1) that the plaintiff is a member of a protected group; 2) that the plaintiff is the victim of uninvited sexual harassment; 3) that the harassment was based on sex; 4) that the harassment affected a term or condition of the plaintiff's employment; and 5) that plaintiff's employer knew or should have known of the harassment and failed to take prompt remedial action. *Harvill*, 433 F.3d at 434. Only the second element of Washington's prima facie case is contested.

In its motion, DART argues Washington has failed to present sufficient evidence establishing she was the victim of uninvited sexual harassment. (Def.'s Mot. Summ. J. 2.) DART asserts that Washington is unable to name witnesses to Busby's alleged harassment or any other victims of his asserted misconduct. (App. to Def.'s Mot. Summ. J. 163-165.) DART further maintains that three of its employees who regularly work with Busby state they have never witnessed him say or do anything constituting sex discrimination or sexual harassment. (*Id.*) Additionally, DART presents evidence Washington began tape recording conversations at work, but failed to record any sexually inappropriate comments from Busby or any other DART employee. (Washington Dep. 92: 8-13.)

---

*Rennels*, 994 S.W.2d 142, 144 (Tex. 1999) citing *Schroeder v. Texas*, 813 S.W.2d 483, 485 (Tex. 1991).

Finally, DART argues that even if Washington's allegations are true, she was absent and on alternative duty assignments for too many days for the harassment to have created a hostile working environment. (Def.'s Br. Summ. J. 6-7; App. to Def.'s Br. Mot. Summ. J. 265-270.)

Washington's complaint alleges she was the victim of uninvited harassment committed by Busby on numerous occasions. (Pl.'s Pet. ¶ 11-12.) To support these allegations, Washington, in her response, presents the documents submitted for the EEOC investigation of her complaint, including a sworn statement from herself, an unsigned affidavit from Henderson ("Unsigned Henderson Affidavit"), a letter from her union representative, and a letter from her therapist. (App. to Pl.'s Br. Resp. Summ. J. 1-18.) DART objects to each of these pieces of evidence. Specifically, DART objects to the letters from Washington's therapist and Washington's union representative, arguing they are unauthenticated and hearsay. (Def.'s Reply Br. Mot. Summ. J. 2.) DART also objects to the Unsigned Henderson Affidavit, arguing it is unsigned and hearsay. (*Id.*) Finally, DART objects to Washington's sworn statement, arguing it is "self-serving hearsay and merely allegations." (*Id.*)

Summary judgment evidence must comport with the requirements of Federal Rule of Civil Procedure 56, which requires that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). This rule is not satisfied by "[replacing] conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)(citations omitted)." The district court does not have a duty to search the entire record to find evidence supporting the non-movant's opposition. *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). Instead, the

non-movant must "identify specific evidence in the record, and [] articulate the 'precise manner' in which that evidence support[s] [her] claim." *Bookman v. Shubzda*, 945 F.Supp. 999, 1004 (N.D. Tex. 1996) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

To be considered at the summary judgment stage, individual documents relied upon in an EEOC investigation must be admissible on their own grounds. *Cruz v. Aramark Servs., Inc.*, 213 Fed. Appx. 329, 2007 WL 98358 (5th Cir. 2007), citing *McClure v. Mexia I.S.D.*, 750 F.2d 396, 400 (5th Cir. 1985). The letter from Washington's union representative is unsworn and unauthenticated, and thus inadmissible under Rule 56. (App. to Pl.'s Br. Mot. Summ. J. 16-17.) The letter written by Washington's therapist is inadmissible for the same reasons. (App. to Pl.'s Br. Mot. Summ. J. 13-15.) The Unsigned Henderson Affidavit is inadmissible because it is unsigned. (App. to Pl.'s Br. Mot. Summ. J. 18.) Moreover, DART offers a signed affidavit from Henderson ("Signed Henderson Affidavit") listing numerous falsities in the Unsigned Henderson Affidavit. (App. to Def.'s Reply Br. Mot. Summ. J. 422-424.) Henderson states that he never witnessed Busby make inappropriate comments to Washington, that Busby does not have a reputation for making sexually inappropriate comments, and that Washington never told Henderson "what she claimed Mr. Busby said to her." (*Id.*)

DART correctly asserts that Washington's statement contains several unsupported, conclusory allegations that cannot be used as summary judgment evidence. (Def.'s Reply Br. Mot. Summ. J. 2.) However, the statement also contains Washington's description of a specific instance of sexually inappropriate comments made by Busby, and states that Washington "asked [] Busby several times to stop making those unpleasant comments." (App. to Pl.'s Br. Resp. Summ. J. 9, 11.) Washington's statement is sworn and based on personal knowledge. (App. to Pl.'s Br. Resp. Summ.

J. 8-12.) As such, it meets the Rule 56 requirements for summary judgment evidence, and, when construed in a light most favorable to Washington, raises a genuine issue of material fact as to whether Washington was the victim of uninvited sexual harassment.

Based on this evidence, a reasonable jury could conclude that Busby made sexually inappropriate comments to Washington. Consequently, DART's motion for summary judgment on the sex discrimination claim should be and hereby is **DENIED.**

*B. Retaliation*

Washington contends that she was disciplined and discharged in retaliation for bringing complaints alleging Busby sexually harassed her. (Pl.'s Pet. ¶ 35.) DART argues that the decision to discharge Washington was not retaliatory, but instead motivated by Washington's excessive absenteeism. (Reeves Aff. ¶4.)

To prevail on a retaliation claim under Title VII, the plaintiff bears the burden of establishing a prima facie case by proving 1) that she engaged in a protected activity; 2) that an adverse action was committed against her; and 3) that there was a causal nexus between the protected activity and the adverse action. *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996).

Once the plaintiff successfully establishes a prima facie case, the burden shifts to the defendant to demonstrate a legitimate, non-retaliatory reason for the adverse action. *Texas Dept. Of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). If the defendant successfully meets this burden, the presumption of a prima facie case is rebutted and the plaintiff must then establish, by a preponderance of the evidence, either that the employer's articulated reason is a pretext for retaliation, or that the employer's reason, while true, "is but one of the reasons for its conduct, another of which was discrimination." *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 322-323 (5th

Cir. 2005). If the employee proves that discrimination was one of multiple motivating factors in the employment decision, "the burden shifts to the employer to prove it would have taken the same action despite the discriminatory animus." *Id.* at 333.

It is undisputed that filing a sexual harassment claim is a protected activity, and that Washington's discharge constitutes an adverse action committed against her. As such, only the causal nexus element of Washington's prima facie case is contested. To establish a causal nexus, the plaintiff must show the protected activity was a factor in causing the adverse action, but need not prove that the protected activity was the sole factor prompting the action. *Long* at 305.

Washington presents sufficient evidence to establish a causal nexus between her sexual harassment complaint and her discharge. Washington began formally addressing the alleged sexual harassment in June, 2007. (Pl.'s Pet. ¶¶ 15-20.) Washington's supervisors began to discuss her excessive absenteeism around that same time, and the two matters were often discussed in the same meetings. (Pl.'s Pet. ¶¶ 18, 24, 26.) This evidence, when taken as true and construed in a light most favorable to Washington, raises an inference that Washington's sexual harassment complaint was a motivating factor in prompting her discharge.

Because Washington has established a prima facie case of retaliation, the burden is on DART to offer evidence of a legitimate, non-retaliatory reason for Washington's discharge. DART presents evidence that Washington's numerous absences included several days of unapproved leave without pay, a direct violation of the Hourly Employment Manual. (Reeves Aff. ¶4.) DART also offers evidence that Washington applied but did not qualify for paid leave under the Family Medical Leave Act, and that Washington failed to apply for Short-Term Disability in a timely manner (Reeves Aff.

¶4.) Finally, DART offers evidence that Washington was given a zero-impairment rating, but has declared she is unable to return to work. (App. to Def.'s Mot. Summ. J. 157; Reeves Aff. ¶4.)

The burden is then on Washington to prove, by a preponderance of the evidence, either that the reasons offered by DART are pretextual, or that these reasons constitute some of the motivating factors leading to Washington's discharge, but that discriminatory animus was also a motivating factor. *See Richardson*, 434, F.3d at 333. Washington fails to meet this burden. Her only evidence of discrimination is based on the temporal proximity of her sexual harassment complaint and the disciplinary actions taken against her. Even if the court grants an inference of discrimination from the temporal proximity argument, the summary judgment evidence overwhelmingly establishes that Washington would have been discharged regardless of the sexual harassment complaint due to excessive absenteeism. Washington stopped coming to work regularly in December, 2006. (App. to Def.'s Mot. Summ. J. 268). By June, 2007, Washington had exhausted all available leave, but continued to miss work. (App. to Def.'s Mot. Summ. J. 182). It is reasonable to assume that any employee with a similar attendance record would have been discharged in accordance with DART policy. (Reeves Aff. ¶5.) Consequently, DART's motion for summary judgment on the retaliation claim should be and hereby is **GRANTED.**

C. *Negligent Supervision*

Washington asserts a negligent supervision and administration of personnel practices claim against DART under state tort law, and seeks compensatory and punitive damages under Title VII and the TCHRA. (Pl.'s Pet. ¶ 46). DART maintains correctly that it is a governmental entity immune from state law tort claims, so Washington's state law negligence claims fail as a matter of law. (Def.'s Mot. Summ. J. 2); *Hosner v. DeYoung*, 1 Tex. 764 (1847) (holding the State of Texas

and its political subdivisions are immune from suit absent legislative consent); *Griffin v. Hawn*, 341 S.W.2d 151 (Tex. 1960).

Washington's negligent supervision claims under Title VII and the TCHRA also fail as a matter of law. Employers are not liable for negligent supervision unless the employee committed an independently actionable common law tort. *See Gonzales v. Willis*, 995 S.W.2d 729, 738 (Tex. App. Apr. 21, 1999). Statutory-based employment discrimination and sexual harassment claims are not independently actionable common-law torts. *See Staples v. Caremark, L.L.C.*, No. SA-08-CV-831-XR, 2009 WL 3634079, at *5 (W.D. Tex. Oct. 29, 2009); *Cunningham v. Daybreak Therapy, L.P.*, No. 2:06-CV-289-J, 2007 WL 2694438, at *6 (N.D. Tex. Sept. 13, 2007).

Accordingly, the Defendant's motion of summary judgment as to Washington's negligent supervision claims should be and hereby is **GRANTED.**

## IV.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (doc. 10) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court **GRANTS** Defendants' Motion for Summary Judgment on the retaliation claim and the negligent supervision claim. The Court **DENIES** summary judgment on the sexual harassment claim, which is the only issue remaining for trial.

SO ORDERED.

SIGNED December 29, 2010.

                                              _____
                                              JANE J. BOYLE
                                              UNITED STATES DISTRICT JUDGE